*321 MR. JUSTICE HARRISON,
dissenting:
I dissent.
We are here involved in a case in which known criminal defendants have previously dealt with a “mom and dad” pawn shop, where we are giving them far more than the benefit of the doubt of an invasion of their privacy. In these days where banks are monitored by video equipment, hotels and motels are involved in videotaping of customers and many businesses open all night try to protect their business from persons such as we are here involved with, videotapes run without anyone’s privacy being invaded. I find it incredible under these circumstances that the effect of a carefully laid “sting” operation to catch just such people is ruled inadmissible.
Lack of knowledge of the people involved, plus the “sting” operator, in my opinion does not render the entire videotape unreliable to reveal the contents of the conversations. See United States v. Knohl (2nd Cir. 1967), 379 F.2d 427.1 would hold it was within the discretion of the trial court to find the video recordings here were reliable and the tape should be admitted into evidence. United States v. Avila (2nd. Cir. 1971), 443 F.2d 792; cert. denied 404 U.S. 944, 92 S.Ct. 295, 30 L.Ed.2d 258.
While we have not previously, to my knowledge, ever expressly promulgated the requirements that must be met in order to lay a proper foundation for the admission of video recordings into evidence other than in State v. Warwick (1972), 158 Mont. 531, 494 P.2d 627, I note in my research that the general standards for the authentication are widely accepted. See 58 A.L.R.2d 1032 and 29 Am.Jur.2d, evidence, section 436, such standards are set forth in various forms in other states and in the Federal Courts including Warwick, supra.
I think the proper test for such admission is set forth in U.S. v. Biggins (5th Cir. 1977), 551 F.2d 64, where the Court held:
“The trial court properly admits a sound recording into *322 evidence only when the party introducing it carries its burden of going forth with the foundation evidence demonstrating that the recording as played as an accurate reproduction of the relevant sounds previously audited by the witness. As a general rule, at least in the context of a criminal trial, this requires the prosecution to go forward with respect to the competency of the operator, the fidelity of the recording equipment, the absence of material deletions, additions, or alterations in relevant portions of the recording and the identification of the relevant speakers.”
See also U.S. v. McMillan (8th Cir. 1974), 508 F.2d 101, cert. denied, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975); U.S. v. McKeever (S.Dist. N.Y. 1958), 169 F.Supp. 426. Failure to allow the officers witnessing the sale was error.
Viewing the entire operation presented by this case, I find the evidence of guilt so overwhelming that not to allow this evidence to go before a jury is tantamount to declaring the issue of guilt to be irrelevant. I would find that the trial court abused its discretion in not allowing a jury to view a videotape after limiting the tape to the offense charged.